IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:25-MJ-010 (MJK) |
| | ) | |
| v. | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **THOMAS FARR,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Thomas Farr, by and through counsel, Anne LaFex, Esq., hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the signing of this Order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1)     The chronology of this case is as follows:

    a)    Date of complaint:  January 21, 2025

    b)    Date of initial appearance:  January 24, 2025

    c)    Defendant custody status: Detained

    d)    Date United States moved for detention:  January 24, 2025

    e)    Date of detention hearing:  January 29, 2025

    f)    Date detention decision issued:  January 29, 2025

g)  Earlier enlargements of time and exclusions under the Speedy Trial Act:

   i)  Order dated February 18, 2025, excluding the period between February 18, 2025, and May 19, 2025.

   ii) Order dated May 13, 2025, excluding the period between May 13, 2025, and July 12, 2025.

   iii) Order dated July 7, 2025, excluding the period between July 3, 2025, and September 1, 2025.

   iv) Order dated August 26, 2025, excluding the period between August 26, 2025, and October 25, 2025.

   v)  Order dated October 23, 2025, excluding the period between October 23, 2025, and December 22, 2025.

   vi) Order dated December 17, 2025, excluding the period between December 17, 2025, and February 15, 2025.

2) The United States and/or the defendant request this exclusion based on the following facts and circumstances: defense counsel is newly assigned to the case, and continues to review evidence, which consists of numerous written reports and audio and video interviews, and consider the evidence's impact on the case. The parties also intend to use the intervening time period to discuss potential resolutions.

3) The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because additional time is necessary for the defense to review discovery and consider the evidence's impact on the case. Failing to grant the requested continuance would deny defense counsel and the

Government the reasonable time necessary for effective preparation for the case, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

4) The parties stipulate and agree that a period of sixty (60) days, from the date of the signing of this Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: 2/10/2026

/s/
TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: _____
Benjamin A. Gillis
Assistant United States Attorney
Bar Roll No. 704915

/s Anne LaFex
Anne LaFex, Esq.
Attorney for Thomas Farr
Bar Roll No. 517311

## ORDER

A.    The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.    The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant(s) in a speedy indictment and trial because defense counsel is newly assigned to the case, and additional time is necessary for defense counsel to review discovery and consider the evidence's impact on the case. As such, the delay is warranted, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this 11th day of February, 2026.

*Mitchell J Katz* (signature)
Digitally signed by Mitchell J Katz
Date: 2026.02.11 14:21:25 -05'00'

Hon. Mitchell J. Katz
U.S. Magistrate Judge