IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:25-MJ-010 (MJK) |
|  | ) |  |
| v. | ) |  |
|  | ) | GOVERNMENT'S |
| THOMAS FARR, | ) | MOTION FOR PROTECTIVE |
|  | ) | ORDER PURSUANT |
| Defendant. | ) | TO FED R. CRIM P. 16(D)(1) |
|  | ) |  |

## A.     Introduction

On January 1, 2025, Defendant Thomas Farr was charged by complaint with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a).  The government has provided significant discovery to the Defendant, and the parties have conducted a digital evidence review of materials containing child pornography.  The Defendant has asked the government to provide copies of an additional specific item in discovery, and the government has expressed its willingness to do so pursuant to a protective order.  The Defendant, through counsel, has advised that he agrees to such an order.

Therefore, the United States, through undersigned counsel, hereby moves the Court for a protective order pursuant to Fed. R. Crim. P. 16(d)(1), regarding the dissemination of the government's disclosures in this case, and providing certain additional protections for materials designated as "Protected Materials," which consist of disclosures that contain sensitive, non-public information about individuals including, but not limited to, bank records, personal communications, and personal identifying information ("PII") (hereinafter, the "Protected Materials").  A proposed protective order is attached hereto as **Exhibit A**.

In order to allow the disclosure of materials pursuant to Northern District of New York

("NDNY") Local Rule Cr. P. 14.1, the government respectfully requests that the Court order that any materials produced by the government in discovery not be disseminated or disclosed by defense counsel to anyone other than the Defendant and members of the defense team; that the Defendant not be permitted to maintain a physical copy of the Protected Materials; and that any portions of motions or applications referring to the Protected Materials must be filed under seal.

**B.      Legal Basis for a Protective Order**

Rule 16(d) allows the Court to deny, restrict, or defer discovery or inspection, or grant other appropriate relief with "good cause." Fed. R. Crim. P. 16(d). The Court has broad discretion to place restrictions on discovery when appropriate. *See Alderman v. United States,* 394 U.S. 165, 185 (1969) (noting that a trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect"). In determining good cause, Courts have considered, among other factors, the hazard to others, the prejudice to the defendant, whether the public interest outweighs the harm, the defendants' criminal history, privacy interests, and whether the disclosure causes embarrassment. *See United States v. Cudd*, 534 F.Supp.3d 48 (D.D.C. 2021); *United States v. Johnson*, 191 F.Supp.3d 363 (M.D.P.A. 2016); *United States v. Smith*, 985 F.Supp.2d 506 (S.D.N.Y. 2013); *United States v. Dixon*, 355 F.Supp.3d 1 (D.D.C. 2019). Upon a finding of good cause, the Court has substantial discretion to fashion a protective order according to the facts. *See Cudd*, 534 F.Supp.3d. 48.

**C.      The Facts of this Case Justify a Protective Order**

Following an outcry that the Defendant was soliciting child pornography from his minor female relatives, the Defendant, a Tennessee resident, was arrested in Oswego, New York. The Defendant had an illegally possessed firearm on his person at the time of his arrest. Investigation

2

revealed that the Defendant had used various social media platforms to communicate with the minor victims. Digital forensics evidence established that the Defendant had solicited child pornography from at least one minor victim and had received child pornography from multiple minor victims. After obtaining a federal search warrant for the content of the Defendant's Google account, investigators identified additional child pornography of an infant female.

Law enforcement identified Evelyn Hinckley, the Defendant's niece, as the individual who sent the child pornography of the infant female to the Defendant. A federal search warrant was obtained for Hinckley's residence and electronic devices, and ultimately Hinckley was also charged by complaint with a violation of 18 U.S.C. § 2551(a) (sexual exploitation of a child) (Case No. 5:25-MJ-123 (MJK)). Among other evidence, Hinckley's electronic devices contained evidence relating to the relationship between Hinckley and the Defendant, including communication between the two. The government is willing to provide a copy of the digital forensics of one of Hinckley's electronic devices to the Defendant (the other device contained child pornography, and a copy of the data from that device will not be provided). The digital forensics analysis contains sensitive, non-public information about Hinckley and her family, including personal identifying information ("PII"). As a result, a concrete need exists for a protective order to limit the improper dissemination or misuse of the disclosure.

D.      **The Government's Proposed Protective Order Is Narrowly Tailored**

The government's proposed protective order provides that the government be permitted to designate a subset of sensitive discovery materials as "Protected Materials" and a) that the Protected Materials only be used for purposes of this litigation and cannot be disseminated outside the defense team; and b) that the Protected Materials may be shared with the Defendant, but the Defendant may not keep a copy of them. Also, the Defendant remains free to challenge

3

any "Protected Materials" designation.  Specifically, the government proposes that the Protected Materials designation apply to materials that contain sensitive, non-public information about individuals, including PII.  This category of materials is similar to categories protected by orders issued by other courts in similar circumstances.  *See, e.g., Cudd*, 534 F.Supp.3d at 52 (granting a protective order that provides for protection of materials including PII as identified in Fed. R. Crim. Pro. 49.1, as well as telephone numbers, email addresses, drivers' license numbers, and similar unique identifying information; contact information and private conversations that did not appear to be related to criminal conduct; and medical and mental health records).

The restrictions in the proposed protective order make good sense and place minimal burdens on the defense.  Under the government's proposed protective order, all the materials are provided to defense counsel so that counsel can review the government's designations.  Moreover, the proposed order expressly provides that to the extent defense counsel disagrees with the government's designations, defense counsel is free to challenge them.  This method expedites provision of the sensitive materials to defense counsel and minimizes the need for court intervention.  *See United States v. Smith*, 985 F.Supp.2d 506, 546 (S.D.N.Y. 2013) (approving umbrella protective order in case involving large volume of discovery, which included a provision allowing defense counsel to challenge any particular designations).  This method also strikes an appropriate balance between providing prompt and complete discovery to the defense while ensuring safeguards are placed on sensitive material.

The government also notes that the attached proposed Protective Order is similar to other protective orders issued in the Northern District of New York.  *See, e.g., United States v. Breland*, No. 5:18-CR-009 (FJS), Dkt. 18; *United States v. Fernandez*, No. 5:20-CR-011 (NAM), Dkt. 12; *United States v. Martinez*, No. 5:20-CR-070 (GTS), Dkt. 24; *United States v. Sisenstein,*

4

No. 3:21-CR-078 (TJM), Dkt. 15; *United States v. McDonald et al.,* No. 3:22-CR-358 (DNH), Dkt. 120; *United States v. Jordon-Green*, No. 3:23-CR-371 (BKS), Dkt. 29; *United States v. Mendez*, No. 5:24-CR-121 (GTS), Dkt. 22; *United States v. Christianson*, No. 5:25-MJ-050 (MJK), Dkt. 16; *United States v. Martin*, No. 5:25-CR-471 (GTS), Dkt. 25.

**E.      Conclusion**

For the foregoing reasons, the Government respectfully requests that the Court enter a protective order in the form attached hereto as Exhibit A.

Respectfully submitted on this the 24th day of March, 2025.

> TODD BLANCHE
> Deputy Attorney General
>
> JOHN A. SARCONE III
> First Assistant United States Attorney

By:      s/ *Benjamin A. Gillis*
        Benjamin A. Gillis
        Assistant United States Attorney
        Bar Roll No. 704915